## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**CASAUNDRA FLETCHER**          *      Case No. 2:21-cv-10739
2144 Robinwood Ave
Toledo, Ohio 43620              *      Judge

                    Plaintiff,  *      **COMPLAINT; JURY DEMAND**
v.                                     **ENDORSED HEREON**
                                *
**FORD MOTOR COMPANY**                 Francis J. Landry  (Ohio Bar #0006072)
c/o The Corporation Company     *      Katherine A. Pawlak (Mich. P75029)
(Resident Agent)                       **WASSERMAN, BRYAN, LANDRY**
40600 Ann Arbor Rd E Suite 201  *          **& HONOLD, LLP**
Plymouth, MI 48170                     1090 W. South Boundary St #500
                                *      Perrysburg, OH 43551
                                       Telephone:  (419) 243-1239
                                *      Facsimile:  (419) 243-2719
                    Defendant.         Email: FLandry308@aol.com
                                *      KPawlak@wblhlaw.com
                                       Attorneys for Plaintiff
                                *      Casaundra Fletcher

*      *      *      *      *      *      *

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202.  This is an action for a violation of the Family and Medical Leave Act, 29 U.S.C. Sections 2601 and 2615 and 2617.  This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful termination of employment in violation of the Family and Medical Leave Act. Plaintiff also brings an action under the Americans with Disabilities Act and the Amendments thereto which were effective January 1, 2009, and Title VII

1

of the Civil Rights Act. Plaintiff states that on or about June 1, 2020, she filed a charge of discrimination based upon disability and gender, with the Michigan Department of Civil Rights and U.S. Equal Employment Opportunity Commission, Charge Number 471-2020-01819, a copy of which had been attached as Exhibit A, and which is incorporated as if fully restated herein. More than sixty (60) days have elapsed since her filing of her charge with the EEOC.  On January 11, 2021, the District Director of the EEOC issued to Plaintiff a Notice of Right to Sue advising her of her right to file suit in an appropriate federal court within ninety (90) days of her receipt of said notice.  Plaintiff also brings claims pursuant to this Court's supplemental jurisdiction for state law claims of disability and sex discrimination. Venue is appropriate in this Court, as the acts which give rise to the claims of this case took place in Flat Rock, Michigan.

**PARTIES**

2.      Plaintiff, Casaundra Fletcher, is a citizen of the United States and a resident of the City of Toledo, and the County of Lucas, State of Ohio who was employed by Defendant for over five years until her termination on November 8, 2019, retroactive to September 30, 2019.  At all times material hereto, Plaintiff was an employee of an employer within the meaning of the Family and Medical Leave Act in that the Plaintiff was employed for more than twelve months and worked more than 1250 hours during the 12 months preceding the incident which gave rise to her termination.  Additionally, at all times material hereto, Plaintiff was an employee of an employer within the meaning of the Americans with Disabilities Act, Title VII of the Civil Rights Act, the Elliott-Larsen Civil Rights Act, and the Michigan Persons with Disabilities Act in that the Plaintiff was an employee of an entity with more than fifty (50) employees.

3.       Plaintiff states that the Defendant is an employer within the meaning of the Family and Medical Leave Act.  Defendant is a corporation duly organized under Delaware law, whose

2

headquarters is in Michigan, and with a place of business in the City of Flat Rock, State of Michigan.  Defendant at all times had more than fifty (50) employees and was also an employer within the meaning of the Family and Medical Leave Act, the Americans with Disabilities Act, Title VII of the Civil Rights Act, the Elliott-Larsen Civil Rights Act, and the Michigan Persons with Disabilities Act

## NATURE OF THE CASE

4.       Plaintiff brings this action for damages for an unlawful termination of her employment. Plaintiff alleges that in terminating her, the Defendant did so in violation of the Family and Medical Leave Act and further discriminated against her because of her disability and sex.

## GENERAL ALLEGATIONS

5.       Plaintiff states that she was employed most recently as a Process Coach until her termination on November 8, 2019, retroactively effective on September 20, 2019.

6.       Plaintiff was at all times meeting her employer's legitimate expectations.

7.       Plaintiff utilized intermittent FMLA leave in May of 2019. She was written up for using said leave.

8.       Thereafter, Plaintiff went on an FMLA leave commencing on June 3, 2019.

9.       Plaintiff's return to work date from her leave of absence was scheduled for October 1, 2019.

10.      Upon returning to work on October 1, 2019, Plaintiff was told to report to the Labor Relations Department, wherein she was told that there was no work available for her.

11.      Plaintiff was placed on an unpaid leave for thirty days.

12.      On November 8, 2019, Plaintiff was terminated, with an effective date retroactive to September 30, 2019.

13.     Plaintiff's co-worker informed Plaintiff that there was work available for Plaintiff at the Flat Rock location, as Defendant was getting ready to bus somebody in for work. Defendant refused to return Plaintiff to her position or engage in a process to identify other positions which might be available for Plaintiff.

## FIRST CLAIM FOR RELIEF
### Family and Medical Leave Act– 29 U.S.C. Sections 2601 et seq.

14.      Plaintiff incorporates each and every allegation contained in paragraph one (1) through thirteen (13) by reference in its entirety as if fully restated herein.

15.     Plaintiff states that she was employed most recently as a Process Coach until her termination on November 8, 2019, retroactively effective on September 20, 2019.  Plaintiff was at all times meeting her employer's legitimate expectations.

16.      Plaintiff states that at all times material hereto Defendant employed more than fifty employees and is a covered employer under the Family and Medical Leave Act.

17      Plaintiff suffers from depression.  Plaintiff states that she gave proper notification to her employer and her employer was otherwise aware of her condition, as she filed appropriate FMLA paperwork with her employer for intermittent leave and then for a leave of absence.

18.     Thereafter, Defendant terminated Plaintiff's employment on November 8, 2019, retroactively effective on September 20, 2019, allegedly due to a lack of work. Plaintiff states that the Defendant's proffered reason was false and pretextual, as Plaintiff performed her job to Defendant's reasonable expectations, and her position was assumed by someone else. Plaintiff states that Defendant's action in terminating her employment constituted discrimination, interference and retaliation against Plaintiff because of her having an FMLA qualifying condition and her use of FMLA leave. Said conduct of Defendant is actionable pursuant to 29 U.S.C. Sections 2615 and 2617.

19.     As a proximate result of the acts of Defendant, Plaintiff has suffered the loss of her job position including back pay, future pay, and lost fringe benefits and pension benefits. Plaintiff has also suffered great mental and emotional stress, anxiety, humiliation, and embarrassment.  By virtue of the willful violation of the act, Plaintiff is entitled to liquidated damages.  Plaintiff has also been forced to incur court costs and attorney's fees.

### SECOND CLAIM FOR RELIEF
### Americans with Disabilities Act—42 U.S.C. Section 12101 et seq.

20.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through nineteen (19) of this Complaint, supra, by reference in its entirety as if fully stated herein.

21.     Plaintiff states that at and prior to her termination, she a disabled individual within the meaning of 42 U.S.C. Sections 12101 et seq.  Alternatively, Plaintiff was regarded as disabled, and had a record of impairment.

22.     Plaintiff states that Defendant terminated her employment on November 8, 2019, retroactively effective on September 20, 2019 because of her disability.  Plaintiff states she suffers from depression. Plaintiff states that her disabling conditions substantially limit one or more major life activities including interacting with others, concentrating and working.  Plaintiff states that she gave proper notification to her employer and her employer was otherwise aware of her conditions, due to her requests for FMLA leave. Plaintiff states that Defendant terminated Plaintiff's employment, allegedly due to a lack of work. Plaintiff states that the Defendant's proffered reason was false and pretextual, as Plaintiff performed her job to Defendant's reasonable expectations and another person assumed her position. Furthermore, upon information and belief, Defendant "bused in" another individual for work Plaintiff was able to perform. Plaintiff can safely and substantially perform the essential functions of her job.

23.     At the time of and prior to her termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations and was highly rated and skilled employee.

24.     Before her termination, Plaintiff requested a reasonable accommodation of restoration to her job at the Flat Rock, MI plant, with time off after the expiration of FMLA leave being treated as unpaid leave of absence as a reasonable accommodation. Defendant refused to provide a reasonable accommodation to Plaintiff by restoring her to her position, and refused to engage in the interactive process to locate other suitable work at the Flat Rock location.

25.     Plaintiff states that in failing to engage in the interactive process, accommodate her and in terminating her employment instead of returning her to her position, the Defendant violated and/or intentionally violated section 12112(a) made actionable pursuant to 42 U.S.C. Section 12117.

26.     As a proximate cause of the acts complained of, Plaintiff has suffered the loss of her job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and emotional distress, anguish, humiliation and embarrassment.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### THIRD CLAIM FOR RELIEF
### Title VII of the Civil Rights Act of 1964

27.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-six (26) of this complaint, supra, by reference in its entirety as if fully restated herein.

28.     Plaintiff is a female individual.

29.     At all times material hereto, Plaintiff was meeting or exceeding her employer's legitimate expectations.

30.     Plaintiff states that Defendant terminated her employment on November 8, 2019, retroactively effective on September 20, 2019, allegedly due to a lack of work. The reason advanced by Defendant was false and pretextual as Plaintiff performed her job to any employer's

reasonable expectations and her position was filled. Furthermore, upon information and belief, Defendant "bused in" another employee for a position of which Plaintiff was able to perform. Similarly situated male employees were more favorably treated and remained in their positions. Furthermore, Plaintiff was the only female employee in her department.

31.     Plaintiff states that Defendant has unlawfully and/or willfully discriminated against her on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 2000e et seq.

32.     Plaintiff states that at all times material hereto she was meeting and/or exceeding legitimate employer expectations. Plaintiff states that similarly situated male employees were treated more favorably than was Plaintiff, and were permitted to take leaves of absence and then return to their positions.

33.     As a proximate result of the acts of the Defendant complained of herein, Plaintiff has suffered the loss of past and future wages. Plaintiff also has lost past and future commissions. Plaintiff has also suffered, as a proximate result of the acts of Defendant complained of herein, pain and suffering, humiliation and embarrassment.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### FOURTH CLAIM FOR RELIEF
### Michigan Persons with Disabilities Act No. 220, Public Acts of 1976

34.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-three (33) of this Complaint, supra, by reference in its entirety as if fully stated herein.

35.     Plaintiff states that at and prior to her termination, she a disabled individual within the meaning of the Michigan Persons with Disabilities Act No. 220, Public Acts of 1976, as amended.

36.     Plaintiff states that Defendant terminated her employment on November 8, 2019, retroactively effective on September 20, 2019 because of her disability.  Plaintiff states she suffers

from depression. Plaintiff states that her disabling conditions substantially limit one or more major life activities including interacting with others, concentrating and working.  Plaintiff states that she gave proper notification to her employer and her employer was otherwise aware of her conditions, due to her requests for FMLA leave. Plaintiff states that Defendant terminated Plaintiff's employment, allegedly due to a lack of work. Plaintiff states that the Defendant's proffered reason was false and pretextual, as Plaintiff performed her job to Defendant's reasonable expectations nd another person assumed her position. Furthermore, upon information and belief, Defendant "bused in" another individual for work Plaintiff was able to perform. Plaintiff can safely and substantially perform the essential functions of her job.

37.     At the time of and prior to her termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations and was highly rated and skilled employee.

38.     Before her termination, Plaintiff requested a reasonable accommodation of restoration to her job at the Flat Rock, MI plant, with time off after the expiration of FMLA leave being treated as unpaid leave of absence as a reasonable accommodation. Defendant refused to provide a reasonable accommodation to Plaintiff by restoring her to her position, and refused to engage in the interactive process to locate other suitable work at the Flat Rock location.

39.     Plaintiff states that in failing to engage in an interactive process, to accommodate her and in terminating her employment instead of returning her to her position, the Defendant violated and/or intentionally violated the Michigan Persons with Disabilities Act No. 220, Public Acts of 1976, as amended.

40.     As a proximate cause of the acts complained of, Plaintiff has suffered the loss of her job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and

emotional distress, anguish, humiliation and embarrassment.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### FIFTH CLAIM FOR RELIEF
### Sex Discrimination—Elliott-Larsen Civil Rights Act

41.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through forty (40) of this Complaint, supra, by reference in its entirety as if fully restated herein.

42.     Plaintiff is a female individual.

43.     At all times material hereto, Plaintiff was meeting or exceeding her employer's legitimate expectations.

44.     Plaintiff states that Defendant terminated her employment on November 8, 2019, retroactively effective on September 20, 2019, allegedly due to a lack of work. The reason advanced by Defendant was false and pretextual as Plaintiff performed her job to any employer's reasonable expectations, and her position was filled. Furthermore, upon information and belief, Defendant "bused in" another employee for a position of which Plaintiff was able to perform. Similarly situated male employees were more favorably treated and remained in their positions. Furthermore, Plaintiff was the only female employee in her department.

45.     Plaintiff states that at all times material hereto she was meeting and/or exceeding legitimate employer expectations. Plaintiff states that similarly situated male employees were treated more favorably than was Plaintiff, and were permitted to take leaves of absence and then return to their positions.

46.      Plaintiff states that Defendant has unlawfully and/or willfully discriminated against her on the basis of sex in violation of the Elliott-Larsen Civil Rights Act No 453, Public Act of 1976 as amended.

47 .      As a proximate cause of the acts complained of, Plaintiff has suffered the loss of her job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and emotional distress, anguish, humiliation and embarrassment.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**WHEREFORE,** Plaintiff respectfully prays for an injunction restoring her to her position with Defendant with full back pay, seniority, and benefits. Plaintiff further demands judgment against Defendant for lost back wages or in the alternative for front pay in lieu of reinstatement, and for compensatory, liquidated and punitive damages, prejudgment and post judgment interest, plus her costs and reasonable attorney fees and whatever other relief, legal or equitable to which she may appear to be entitled.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

 /s/ *Katherine A. Pawlak*_____
Francis J. Landry
Katherine A. Pawlak
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable in the within cause.

/s/ *Katherine A. Pawlak*_____
Francis J. Landry
Katherine A. Pawlak
Attorneys for Plaintiff